UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

RALPH H. DRAKE, JR.,

                Appellant,

      -against-                                      1:13-CV-1136 (LEK)

UNITED STATES OF AMERICA ,

                Appellee.

**DECISION and ORDER**

**I.    INTRODUCTION**

Appellant Ralph Drake, Jr. ("Appellant" or "Debtor") appeals a decision by U.S. Bankruptcy Judge Robert E. Littlefield, Jr. denying Appellant's Objection to a proof of claim filed by the Internal Revenue Service ("IRS"). Dkt. Nos. 1 ("Notice of appeal"); 2-8 ("August Order"). For the reasons that follow, Judge Littlefield's decision is affirmed.

**II.    BACKGROUND**

Appellant is a debtor under Chapter 7 of the U.S. Bankruptcy Code. See Aug. Order ¶ 1. In January 2002, the IRS filed a claim for assessments against Appellant as the person responsible for unpaid withholding taxes of two corporations under his control. See id. ¶ 2. On June 23, 2006, Appellant filed a "motion to determine the amount of claim." Id. ¶ 4. The IRS had claimed that Appellant owed $120,959.45, but Appellant asserted that an IRS agent informed Appellant that he only owed $91,557.00. Id. The IRS did not oppose the motion, and the Bankruptcy Court issued an order establishing the amount owed as $91,557.00. Id. However, it was later discovered that Appellant failed to properly serve the United States with the motion, and as a result the previous order was vacated. Id. ¶¶ 5-6.

Appellant subsequently filed an Objection to the IRS claim in May 2010.  Id. ¶ 7.  On July 13, 2010, in anticipation of an evidentiary hearing, Appellant provided a proposed exhibit list that included copies of five checks written to the IRS by one of the corporations at issue, and a handwritten summary of payments allegedly made to the IRS by each of the two companies.  Id.  However, Appellant withdrew his Objection three days later.  Id.

Over the next several months, the parties unsuccessfully engaged in informal efforts to resolve the issue of payments allegedly made to the IRS that were not reflected on Appellant's tax account.  Id. ¶ 8.  Appellant then filed a second Objection to the IRS claim on February 8, 2011.  Id.  In his second Objection, Appellant argued that: (1) the IRS was required to turn over funds previously paid by Appellant toward his debt, and (2) the IRS had not properly credited Appellant's tax account with unspecified payments.  Id. ¶ 9.

By order dated May 18, 2011, "after notice and a hearing on the motion," Judge Littlefield denied Appellant's first claim but did not resolve whether the IRS had failed to credit certain payments made by Appellant.  Id. ¶ 11.  Over the next two years, Judge Littlefield afforded Appellant "numerous opportunities to file evidentiary proof to support the allegation in his objection to the [IRS] claim that [Appellant] had made payments against the [IRS]'s assessments which the [IRS] failed to account for in its proof of claim, as amended."  Id. ¶ 12.  As of June 12, 2013, Appellant had not served responses to Appellee's requests for production of documents, nor had Appellant provided any evidence other than the documents included with Appellant's July 2010 proposed exhibit list.  Id. ¶ 13.  Furthermore, "Debtor's counsel represented to th[e] Court that the Debtor did not have any additional documents to support his claim."  Id.  Accordingly, Judge Littlefield found that Appellant failed to carry his burden of proof to overcome the *prima facie*

validity of the IRS's proof of claim and denied Appellant's remaining objection. Id. This appeal ensued.

## III. STANDARD OF REVIEW

On appeal, a district court reviews a bankruptcy court's factual findings for clear error and its legal conclusions *de novo*. Cnty. of Clinton v. Warehouse at Van Buren St., Inc., No. 12-CV-1636, 2013 WL 2145656, at *1 (N.D.N.Y. May 15, 2013) (citing R2 Invs., LDC v. Charter Commc'ns, Inc., 691 F.3d 476, 483 (2d Cir. 2012)). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948). Following review, a district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." FED. R. BANKR. P. 8013.

## IV. DISCUSSION

Appellant raises three arguments in support of his Appeal: (1) the documents submitted by the IRS did not support a presumption of validity; (2) the Bankruptcy Court erred in ruling on Appellant's Objection without conducting a full evidentiary hearing; and (3) the documents produced by Appellant were sufficient to overcome the presumption of validity attached to the IRS proof of claim. See generally Dkt. No. 5 ("Appellant's Brief"). Appellee opposes each argument and also asserts that Appellant does not have standing to pursue his Appeal. Dkt. No. 7 ("Appellee's Brief").

### A. Standing

"It is well-established that a Chapter 7 debtor is a 'party in interest' and has standing to

object to a sale of the assets, or otherwise participate in litigation surrounding the assets of the estate, only if there could be a surplus after all creditors' claims are paid" that would revest in the debtor when the bankruptcy concludes. In re 60 E. 80th St. Equities, Inc., 218 F.3d 109, 115 (2d Cir. 2000); see also In re Hope 7 Monroe St. Ltd. P'ship, 743 F.3d 867, 871 (D.C. Cir. 2014) (noting that Chapter 7 debtors "generally lack standing because bankruptcy proceedings absolve the debtor of any liability to creditors and the debtor has no interest in the distribution of the estate's property since the property has passed to the trustee"). This principle is "based on the assumption that the success of the debtor's objection cannot affect him because the debtor receives a distribution only after all creditors have been paid in full, and an estate will rarely have enough assets to do even that." Pascazi v. Fiber Consultants, Inc., 445 B.R. 124, 127 (S.D.N.Y. 2011) (internal quotation marks and alterations omitted).

Accordingly, to establish standing to object to a proof of claim, the debtor bears the burden of showing a "reasonable possibility" that a surplus will exist at the conclusion of the bankruptcy proceedings. See In re 60 E. 80th St. Equities, Inc., 218 F.3d at 116; In re Desormes, 497 B.R. 390, 395-96 (D. Conn. 2013); Burgos v. Pergament, No. 11-CV-5257, 2012 WL 3929953, at *6-7 (E.D.N.Y. Sept. 10, 2012); Pascazi, 445 B.R. at 127-28. However, where the debt is "non-dischargeable," see 11 U.S.C. § 727, some courts grant debtors standing, even in the absence of a reasonable possibility of a surplus, because the debtor is not absolved of liability at the conclusion of bankruptcy proceedings. See, e.g., In re Chaitan, 517 B.R. at 426 ("[W]hen a claim is non-dischargeable, the chapter 7 debtor has standing to object as a residual debtor.") (citing In re Toms, 229 B.R. 646, 651 (Bankr. E.D. Pa. 1999)).

Here, Appellee argues that Appellant lacks standing to appeal because Appellant is not a "party in interest" under 11 U.S.C. § 502. Appellee's Br. at 11. Specifically, Appellee argues that Appellant is insolvent and there is no possibility that he will receive any distribution from the Chapter 7 bankruptcy estate. Id. at 12-13. Appellee acknowledges that some courts have held that a debtor has standing to contest a non-dischargeable liability even in a no-surplus Chapter 7 case, yet urges the Court to follow other courts that have denied standing in such cases as disruptive of the trustee's orderly administration of the bankruptcy estate. Id. at 14. Appellant responds that he would be entitled to a surplus if the Court were to find in his favor. Dkt. No. 8 ("Reply") at 2.

Although the Court expresses doubt as to whether Appellant has provided sufficient factual support to meet his burden in establishing a reasonable possibility of a surplus, the Court is nonetheless persuaded by the recent decision of In re Chaitan, 517 B.R. 419, that Appellant should be permitted to pursue his claim. In In re Chaitan, the court found that the Chapter 7 debtor had standing, even though the debtor conceded that a surplus was not likely, purely because the debt was non-dischargeable. Id. at 426. The court noted that "chapter 7 discharge generally strips a debtor of these [pecuniary] interests, thus eliminating his standing to object to most claims." Id. However, it found that where there is a reasonable possibility of a surplus *or* where the claim is non-dischargeable, the debtor maintains a direct pecuniary interest sufficient to warrant standing. See id. The Court agrees that, even in the absence of a possible surplus, a debtor challenging the amount for which he will be ultimately and directly responsible has a direct financial interest sufficient to warrant standing. Therefore, the Court finds that Appellant has standing to pursue his objection to the IRS proof of claim.

**B. Establishing Presumption of Validity**

A proof of claim filed in accordance with the Bankruptcy Rules is *prima facie* evidence of the validity and the amount of the claim. FED. R. BANKR. P. 3001(f). Appellant argues that the documents submitted by the IRS do not support a presumption of validity. Appellant's Br. at 12. Specifically, Appellant asserts that Appellee failed to set forth the payment history of the tax periods before 1996; produce documents relative to the taxes owed for those periods; produce tax returns; and reconcile the discrepancy between the amount listed by the IRS agent and the amount listed in the final IRS proof of claim. Id. at 15-16. Appellee responds that it submitted a full explanation of all changes in the amended proofs of claim and that it met its *prima facie* showing by providing the requisite Certificates of Official Record and executed forms 4340, along with the proofs of claim. Appellee's Br. at 17-19.

The Court agrees with Judge Littlefield that the documentation provided by Appellee was sufficient to establish a presumption of validity in accordance with Bankruptcy Law 3001(f). See Aug. Order ¶¶ 4-9. With respect to the numerous and varied proofs of claim, Appellee has provided a detailed and thorough explanation for each amended proof of claim, a full recitation of which is unnecessary as Appellant has not challenged these factual assertions. See generally Appellant's Br. Regarding the discrepancy of the amount declared by the IRS agent and the amount of the IRS proof of claim, Appellant concedes that the IRS agent with whom he spoke was neither assigned to this litigation nor authorized to bind the IRS. See id. at 17. Therefore, Appellant has failed to demonstrate that the IRS's proof of claim was not entitled to a presumption of validity.

**C. Evidentiary Hearing**

Appellant next argues that the Bankruptcy court erred in ruling on his objection to the IRS

proof of claim without conducting an evidentiary hearing. Appellant's Br. at 17. The Bankruptcy Code provides that a proof of claim may be disallowed "after notice and a hearing." 11 U.S.C § 502(b). However, a bankruptcy court is not required to hold a formal evidentiary hearing in all cases; rather, the court must grant only "such opportunity for a hearing as is appropriate in the particular circumstances." Turney v. F.D.I.C., 18 F.3d 865, 859 (10th Cir. 1994).

Here, Appellant filed his Objection in February 2011. Aug. Order ¶ 9. After notice and a hearing in May 2011, Appellant was given an additional opportunity to provide evidentiary proof to support his allegation that he made payments to the IRS that were not properly credited. Id. ¶ 12. A second evidentiary hearing was scheduled, and adjourned several times until June 2013, at which point Appellant's counsel stated that he had no additional documents to support his claim. Id. ¶ 13. Judge Littlefield noted that Appellant had been given "numerous opportunities to file evidentiary proof to support the allegation in his objection," yet as of June 2013 had provided no new evidence to support his claim. Id. ¶¶ 12-13. Under these circumstances, the Court is not "left with the definite and firm conviction that a mistake has been committed" in Judge Littlefield's decision not to hold an evidentiary hearing. U.S. Gypsum Co., 333 U.S. at 395.

**D. Overcoming Presumption of Validity**

Finally, Appellant argues that the documents he produced were sufficient to overcome the presumption of validity attached to the IRS proof of claim. Appellant's Br. at 18. Appellant asserts that the debt calculation produced by the IRS agent, which came from the IRS's computer records, was in agreement with the amount Appellant's accounts showed that he owed, and the bankruptcy court should have considered Appellant's ledger books, income tax returns, copies of checks sent to the IRS, and bank statements. Id. at 18-19.

7

The record reveals that Judge Littlefield considered this evidence in July 2010 and found it insufficient to overcome the presumption of validity of the proof of claim. See generally Aug. Order. Moreover, Judge Littlefield noted that, over the next three years, Appellant failed to serve responses to Appellee's requests for production of documents and produced no new evidence challenging the IRS proof of claim. Id. ¶¶ 12-13. The Court agrees that Appellant's failure to provide any new evidence to support his claim, as well as his failure to respond to Appellee's request for supporting evidence over a three-year period, are fatal to Appellant's argument. Accordingly, the Court finds no clear error in Judge Littlefield's determination that Appellant failed to overcome the presumption of validity attached to the IRS proof of claim.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Appellant Ralph Drake, Jr.'s Appeal (Dkt. No. 1) is **DENIED**; and it is further

**ORDERED**, that the August 1, 2013, Order of the Bankruptcy Court denying Appellant Ralph Drake, Jr.'s Objection to the IRS proof of claim is **AFFIRMED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: December 04, 2014
Albany, NY

Lawrence E. Kahn
U.S. District Judge